*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

**S T A T E   O F   M I C H I G A N**

**C O U R T   O F   A P P E A L S**

MICHELLE BARNETT,

        Plaintiff-Appellee,

and

PIONEER LAB HOUSTON LP, and WARRIORS PHARMACY,

        Intervening Plaintiffs,

v

CITY OF DETROIT and DETROIT DEPARTMENT OF TRANSPORTATION,

        Defendants-Appellants,

and

ERVIN YOUNG,

        Defendant.

UNPUBLISHED
July 23, 2026
10:45 AM

No. 375164
Wayne Circuit Court
LC No. 23-013543-NI

Before: MARIANI, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

This action asserting claims for personal protection insurance (PIP) and third-party automobile negligence tort damages arises out of an October 19, 2023 incident in which plaintiff suffered personal injuries when she was thrown from her seat on a City of Detroit bus. The incident occurred when the bus driver hit the brakes hard twice in quick succession to avoid colliding with a car cutting in front of it at a time when plaintiff was sitting down and getting settled a short while after boarding the bus. Defendants, the City of Detroit and Detroit Department of Transportation (DDOT), appeal as a matter of right from the trial court's denial of their motion for partial summary disposition of plaintiff's third-party claim for automobile negligence pursuant to MCR 2.116(C)(7) and (C)(10) on the basis of governmental immunity. MCR 7.203(A)(1); MCR 7.202(6)(a)(v). We reverse and remand for entry of an order granting partial summary disposition with prejudice to

-1-

defendants, the City of Detroit and DDOT, on plaintiff's MCL 691.1405 third-party automobile negligence claim pursuant to MCR 2.116(C)(7).

## I. FACTUAL BACKGROUND

At approximately 8:00 p.m. on October 19, 2023, plaintiff, Michelle Barnett, boarded a City of Detroit bus with carryout food and approximately $200 in groceries loaded in a two-wheeled cart.

Plaintiff testified at her deposition that she boarded the bus, went to the row of seats immediately behind the driver where seats could be folded up and locked in place (to accommodate wheelchairs, for example), and flipped up a seat to accommodate her shopping cart. As she was attempting to sit down in the seat next to her cart, the bus driver hit his brakes hard twice, in quick succession, causing her to be thrown from her seat onto the floor with her overturned cart and food. She explained: "I was attempting to seat [sic], so I was sort of, like, in between—I was almost seated. I mean, my buttocks was on the bench, but I hadn't fully sat—gotten a chance to get into place before he—and that's when he hit the brakes." Plaintiff testified that there was almost no gap in time between the two hard brakes that the driver applied that caused her to be thrown from her seat, "it happened back to back. . . . It was boom, boom, boom, boom, like that."

Plaintiff testified she was on the bus for about three minutes when this braking incident occurred.

The bus driver testified that he was driving the bus in the lane nearest the curb on westbound Grand River Avenue, approaching its intersection with Evergreen Road, when a car from the other westbound lane on his left suddenly cut across his lane of travel in front of the bus to make a right turn at the intersection and that he had to pump his brakes twice to avoid a collision with that vehicle. The bus driver estimated he was driving at approximately 20 miles per hour when the braking incident occurred. The driver testified that he thought that he was operating the bus in a safe manner immediately before the incident. He testified that if plaintiff "would've told me she was injured or if I seen any signs of injury, bruises," then it would have been wrong for him not to insist on calling, EMS, the police, and his road supervisor, but that was not the case.

Plaintiff's view was obstructed so she did not see why the driver quickly pumped his brakes twice, but her fellow passengers told her it was because a car pulled in front of him and he did that to avoid hitting that car. When asked whether the driver did anything wrong with regard to "him, like hitting on the brakes and . . . things like that," plaintiff testified:

> I don't know how to answer that, how he could have been wrong, to be perfectly honest, or he could have been right as far as hitting the brakes. Maybe he could have hit the brakes a little less, but I can't really, you know, say that for him, because he was the driver, but he—maybe he could have—I don't know. He could have swayed or something away. I don't know.

Plaintiff testified that she lost consciousness briefly and sustained multiple bodily injuries, including to her ankles, knees, left side of the body, back, neck and head as a result of this incident.

Plaintiff filed a complaint against the City of Detroit, DDOT, and the bus driver, asserting

claims for PIP and third-party automobile negligence tort damages. The complaint alleged in part that the City of Detroit and DDOT were liable for their bus driver's negligent operation of the bus pursuant to the motor vehicle exception to governmental immunity, MCL 691.1405. Plaintiff's complaint also alleged that the bus driver was liable based upon his grossly negligent operation of the bus being the proximate cause of her damages. MCL 691.1407(2). The bus driver was never served with the summons and complaint before expiration of the summons, such that he was deemed dismissed without prejudice pursuant to MCR 2.102(E).

Following discovery, the City of Detroit and DDOT moved for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). Pertinent to this appeal, the motion contended MCL 691.1405 was not applicable to plaintiff's third-party automobile negligence claim against the City of Detroit and DDOT because plaintiff did not plead in avoidance of governmental immunity, and further, cannot demonstrate a question of material fact that the bus driver operated the bus negligently and that such negligence proximately caused her injuries. Defendants cited *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 437-438; 824 NW2d 318 (2012), and *Curtis v Flint*, 253 Mich App 555, 560-561; 655 NW2d 791 (2002), in support of this argument, and likewise cited *Seldon*, 297 Mich at 437, for the principle that, simply because plaintiff was injured when the driver suddenly applied the brakes and she fell to the floor, that alone is not evidence of negligence.

Plaintiff's response to the summary disposition motion contended that, viewing the evidence in the light most favorable to the non-movant presented a question for material fact for the jury's resolution on this issue of whether the driver's negligence in operating the bus was a proximate cause of her injuries. In particular, plaintiff's response noted plaintiff's testimony establishing that the bus driver "began driving away from the bus stop before Plaintiff could even get situated with her items and sit down. Had Plaintiff been sitting, she would not have fallen."

The City of Detroit and DDOT's reply again cited *Seldon*, 297 Mich App at 437, and noted that it and multiple other published binding Michigan appellate cases uniformly hold that "absent evidence of other negligence pertaining to the operation of a bus, a bus passenger may not recover from injuries sustained when the bus suddenly jerks, jolts, or stops," including:

> *Russ v Detroit*, 333 Mich 505, 508; 53 NW2d 353 (1952) (sudden stop does not create liability); *Zawicky v Flint Trolley Coach Co, Inc*, 288 Mich 655, 658-659; 286 NW 115 (1939) (sudden jerks and jolts forward are normal incidents of travel). Sudden jerks or jolts that occur when a bus stops or starts are considered normal incidents of travel. *Getz v Detroit*, 372 Mich 98, 101-102; 125 NW2d 275 (1963).

At the summary disposition hearing, defense counsel argued that the uncontested facts established that the bus driver was not engaged in negligent operation, but rather, that he responded appropriately by braking to avoid a collision with the vehicle that suddenly and unexpectedly cut across the bus's lane of travel. According to plaintiff's counsel, the bus driver testified at his deposition that, if plaintiff was injured in the accident, he would agree that he had done something wrong, but defense counsel corrected that this testimony was in reference to his not assisting plaintiff after she fell from her seat, and that testimony had nothing to do with any purported negligence on his part in braking to avoid the collision. The trial court then indicated "the motion is denied as to the City of Detroit and DDOT for clarification," without any further explication. A

written order memorializing this ruling "for the reasons stated on the record" entered the following day.

The City of Detroit and DDOT filed a timely appeal of right from this denial of summary disposition on the basis of governmental immunity pursuant to MCR 7.203(A)(1) and MCR 7.202(6)(a)(v).

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

MCR 2.116(C)(7) provides for summary disposition when a claim is barred by "immunity granted by law[.]" The applicability of governmental immunity and its statutory exceptions are reviewed de novo. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). This Court must also consider any affidavits, depositions, admissions, or other documentary evidence submitted in determining whether there is a genuine issue of material fact. *Id*. at 429. "We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7)." *Moraccini*, 296 Mich App at 391. If there are no facts in dispute, and "if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Dextrom*, 287 Mich App at 429. However, dismissal is inappropriate if a question of fact exists to the extent that factual development may provide a basis for recovery. *Id*.

MCR 2.116(C)(10) provides for summary disposition on a motion when: "Except as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil*, 504 Mich at160.

> When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*Id*. (quotation marks and citations omitted).]

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, whether summary disposition is proper is a question of law for the Court." *Estate of Miller v Angels' Place, Inc*, 334 Mich App 325, 330; 964 NW2d 839 (2020).

When motions for summary disposition are brought pursuant to both MCR 2.116(C)(7) and (10) in the context of governmental immunity, an interesting conundrum arises:

> Under MCR 2.116(C)(10), when a court determines that a genuine issue of material fact exists, it must deny the motion for summary disposition and allow the fact-finder to resolve the disputed issues of fact at a trial. *Dextrom v Wexford Co*, 287 Mich App 406, 430, 789 NW2d 211 (2010). However, as this Court stated in *Dextrom*, "[a] trial is not the proper remedial avenue to take in resolving the factual questions under MCR 2.116(C)(7) dealing with governmental immunity." *Id*. at 431. Whether the motor-vehicle exception to governmental immunity applies here is a matter of law, and it is a threshold matter of law at that. *Id*. at 431. When faced with a nearly identical procedural issue, the *Dextrom* Court resolved this dilemma by remanding the case to the trial court for a full evidentiary hearing. [*Strozier v Flint Community Sch*, 295 Mich App 82, 87-88; 811 NW2d 59 (2011).]

However, as in *Strozier*, we find that a remand is unnecessary in this case.

## III. ANALYSIS

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., provides immunity for governmental agencies where "the governmental agency is engaged in the exercise or discharge of a governmental function," except where otherwise provided within the act. MCL 691.1407(1). MCL 691.1405 provides an exception to GTLA immunity:

> Governmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner, as defined in Act No. 300 of the Public Acts of 1949, as amended, being sections 257.1 to 257.923 of the Compiled Laws of 1948.

"[E]xceptions to governmental immunity are to be narrowly construed." *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 82; 782 NW2d 514 (2010). "[I]t is the responsibility of the party seeking to impose liability on a governmental agency to demonstrate that its case falls within one of the exceptions [to governmental immunity]." *Fairley v Dep't of Corrections*, 497 Mich 290, 298; 871 NW2d 129 (2015) (quotation marks and citation omitted).

It is undisputed that: the bus driver was an employee of the City of Detroit, the City of Detroit and DDOT are government agencies, the City of Detroit owned the subject bus, and the bus driver "was engaged in the exercise or discharge of a governmental function" in driving the bus at the time of the subject incident. MCL 691.1407(1); MCL 691.1405. The City of Detroit and DDOT contend on appeal that the trial court erred in denying their motion for partial summary disposition because plaintiff failed to: (1) plead in avoidance of governmental immunity; and (2)

establish a genuine issue of material fact that the bus driver's negligent operation of the City of Detroit bus was "the [sic: a] proximate cause" of plaintiff's injuries.[1]

The elements of a prima facie negligence cause of action are that: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). The legal duty between a carrier and its passengers is the "duty to exercise such diligence as would be exercised in the circumstances by a reasonably prudent carrier." *Frederick v Detroit*, 370 Mich 425, 437; 121 NW2d 918 (1963). "The plain language of MCL 691.1405 and MCL 500.3135 may be read harmoniously to provide that a plaintiff may avoid governmental immunity if he suffers 'bodily injury' under the motor vehicle exception of MCL 691.1405, but he must also satisfy the no-fault act threshold for bringing a third-party tort claim, i.e., a plaintiff must establish a serious impairment of a body function as stated in MCL 500.3135." *Allen v Bloomfield Hills Sch Dist*, 281 Mich App 49, 56; 760 NW2d 811 (2008).

We find that plaintiff adequately pleaded an MCL 691.1405 third-party automobile negligence claim against the City of Detroit and DDOT. Plaintiff's complaint in this matter alleges that plaintiff was a passenger on a City of Detroit bus when the bus driver aggressively braked, causing plaintiff to be thrown from her seat and fall to the floor. The complaint further alleges the bus driver "violated Michigan law and was negligent . . . in the operation of [the City of Detroit bus]" in the manner set forth in 14 separate subparagraphs (not including two catch-all paragraphs referencing breaches of the standard of care that may become known during the litigation). These subparagraphs allege the bus driver's failure to: pay adequate attention to the roadway, operate at a speed that would permit him to bring the vehicle to a stop within an assured clear distance, drive with due care and caution, and so on. The complaint further alleges these subparagraphs set forth actions by the bus driver amounting to negligent operation of the bus within the meaning of MCL 691.1405. The complaint further alleges that, as a direct and proximate cause of such negligent operation, plaintiff suffered serious and permanent injuries and damages, "including but not limited to Plaintiff's tailbone, ankles, left arm, left side of the body, knees, back and neck, all of which constitute a serious impairment of body function and/or serious, permanent disfigurement."

---

[1] In both their motion for partial summary disposition in the trial court and their brief on appeal, the City of Detroit and DDOT inaccurately argue that plaintiff must demonstrate a question of material fact that the bus driver's negligence was "the" proximate cause of plaintiff's injuries to demonstrate a prima facie MCL 691.1405 third-party automobile negligence claim. On the contrary, "the" proximate cause, meaning "the one most immediate, efficient and direct cause," is the causation standard of a gross negligence claim against an individual government actor under MCL 691.1702(2), based upon the specific language of that statutory subsection. *Ray v Swager*, 501 Mich 52, 64-65; 903 NW2d 366 (2017). The causation standard for a claim under MCL 691.1405 is that of an ordinary negligence claim, "a" proximate cause. *Ewing v City of Detroit*, 214 Mich App 495, 497; 543 NW2d 1 (1995), aff'd sub nom *Rogers v City of Detroit*, 457 Mich 125; 579 NW2d 840 (1998).

The foregoing sets forth a prima facie case in avoidance of governmental immunity pursuant to MCR 691.1405.

However, we agree with the City of Detroit and DDOT that plaintiff has failed to establish a genuine issue of material fact that the bus driver's negligent operation of the City of Detroit bus was a proximate cause of plaintiff's injuries.

The City of Detroit and DDOT contend in their motion for partial summary disposition and reply, and brief on appeal, that Michigan case law consistently holds that, in addressing claims for negligence in the operation of passenger vehicles, the carrier's liability will not be found where a plaintiff's injuries were sustained as a result of "normal incidents of travel." For example, in *Seldon*, 297 Mich App at 437, this Court held: "It is well settled that, absent evidence of other negligence pertaining to the operation of a bus, a plaintiff bus passenger may not recover for injuries sustained when the bus suddenly stopped because such stops are normal incidents of travel." Likewise in *Getz*, 372 Mich at 101-102, the Michigan Supreme Court held:

> While a carrier may be held liable if a passenger is injured because a jerk or jolt of its vehicle was unnecessarily sudden or violent, ordinarily sudden jerks or jolts in stopping to let off and take on passengers are among the usual incidents of travel which the passenger must reasonably anticipate.

> Sudden jerks or jolts in stopping to let off and take on passengers and in starting are among the usual incidents of travel on trolley buses which every passenger must expect and [the] mere fact that a passenger is injured thereby will not of itself make out a case of negligence which will render the carrier liable although carrier may be liable if the jerk or jolt is unnecessarily sudden or violent. [Quotations marks and citations omitted.]

The City of Detroit and DDOT also rely upon *Bolton v City of Detroit*, 10 Mich App 589; 157 NW2d 313 (1968), in their brief on appeal, which case provides:

> But there is a difference, well recognized in the cases, between the case in which the passenger is fully and fairly upon the car, which he has just boarded, and the case in which a car has stopped to discharge passengers and they are in the act of leaving it. *Our common experience teaches us that in the former case the passenger must anticipate that the car may start before he is seated, and that the movement may be abrupt.* In the latter case the passenger has the right to assume that it will remain stationary until those who are being discharged have an opportunity to alight, and its sudden movement its unexpected. [*Id*. at 594, quoting *Rogers v Detroit*, 289 Mich 86, 89; 286 NW 167 (1939) (emphasis added).]

The City of Detroit and DDOT further rely on *Seldon* for the principle that "the mere fact that an injury occurred does not itself indicate that [the bus driver] operated the bus negligently." *Seldon*, 297 Mich App at 437, citing *Zawicky v Flint Trolley Coach Co, Inc*, 288 Mich 655, 659; 286 NW 115 (1939). See also *Clark v Kmart Corp*, 242 Mich App 137, 140; 617 NW2d 729 (2000) ("The mere occurrence of an accident is not, in and of itself, evidence of negligence."), rev'd on other grounds by 465 Mich 416 (2001).

Plaintiff failed to provide *any* argument in response to the City of Detroit and DDOT's reliance on *Seldon* in the trial court, failed to rely on any countervailing precedential authority, and chose not to file a brief on appeal in this Court. In other words, rather than attempt to distinguish this case from *Seldon*, plaintiff simply ignored that case.

We note additional pertinent precedent in addressing whether there is a question of material fact that the bus driver's negligent operation of the subject bus was a proximate cause of plaintiff's injuries. *Ottinger v Detroit United R*, 166 Mich 106, 107; 131 NW 528 (1911), a case involving a street car, has been subsequently relied up as providing a general rule that an operator of public transportation has no duty to wait for passengers to be seated before proceeding. See *Getz*, 372 Mich at 100. However, that general rule has been found not to apply, when "there is some special and apparent reason to the contrary." *Ottinger*, 166 Mich at 107; *Getz*, 372 Mich at 100. *Getz* noted that whether such a special and apparent reason exists in a case is dependent upon whether the passenger's physical appearance would indicate to the driver that the passenger is "frail, weak, infirm or in any wise disabled or in need of assistance." *Id*.

Plaintiff fails to note this exception to the general rule that a public carrier has no duty to wait for passengers to be seated before getting underway and fails to argue that there was some special and apparent reason why the driver should have waited for her to be seated. In any event, plaintiff's testimony is that the bus driver braking twice in quick succession to avoid colliding with the vehicle that cut across his lane occurred approximately three minutes after she got on the bus, at a time when, by her own testimony, she had gotten her grocery cart situated and her "buttocks [were] on the bench."

We find plaintiff has failed to come forward with evidence or authority to establish a genuine factual dispute that the jerks or jolts caused by the bus driver braking to avoid collision with a car that suddenly cut across his lane of travel were other than a normal incident of travel or that they constituted his negligent operation of the City of Detroit bus.[2] We accordingly further find plaintiff has failed in her obligation to demonstrate that her case comes within MCL 691.1405's exception to governmental immunity such that summary disposition is properly granted pursuant to MCR 2.116(C)(7). *Fairley*, 497 Mich at 298.

---

[2] To be clear, while plaintiff's complaint alleged that the bus driver did not pay adequate attention to the roadway and did not operate the vehicle at a speed that would permit him to bring it to a stop within an assured clear distance, plaintiff did not offer evidence to support these allegations.

We reverse and remand for entry of an order granting partial summary disposition with prejudice to defendants, the City of Detroit and DDOT, on plaintiff's MCL 691.1405 third-party automobile negligence claim pursuant to MCR 2.116(C)(7).[3] We do not retain jurisdiction.

/s/ Philip P. Mariani
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

---

[3] We note that the City of Detroit and DDOT did not seek summary disposition as to plaintiff's PIP claim.